Francis X. Conlon, J.
The plaintiff seeks a temporary injunction and by motion number 166 of June 29 the movants seek leave to intervene.
Upon the basis of the papers already submitted the most that can be said in favor of the plaintiff is that it is seeking to retain *200 intact in the possession of the defendant such properties and assets of Edward M. Gilbert and to discover the whereabouts of such property and assets which may have been in but have left the possession of the defendant. A copy of the complaint has not yet been submitted but apparently the action is in replevin. It does not appear that plaintiff claims to be the owner of the assets of Gilbert and at any rate the most that presently appears in favor of the plaintiff is that Gilbert had indeed made an assignment to the plaintiff of all his property and assets including those in the possession of his wife in the home which she occupies, but that such assignment was given with respect to the indebtedness of Gilbert to the plaintiff and to secure its payment. While it may be appropriate thus to freeze disposition and to test the title and the right of possession claimed by the defendant against the plaintiff and against her husband, it does not appear that this suit will be the vehicle for the discovery and determination of the creditors of Gilbert and therefore there does not appear to be any basis whatever for the intervener sought by those persons who as plaintiffs have pending certain ‘ ‘ short seller ’ ’ actions against Gilbert and others. As such plaintiff claimants, those applicants have no present basis for intervention since this at least at the present time is in no manner a creditors ’ proceeding. There is no common issue of fact or law which warrants intervention at least at this time.
With respect to the question that has arisen with regard to the designation of a Referee it is stated in the letter of plaintiff’s attorneys of June 29,1962 that there already has issued an order for the examination of the defendant as to the location of chattels belonging to Gilbert, and such examination is to proceed under section 1094-a of the Civil Practice Act. A Referee could be designated to preside at such an examination and presently I perceive no other function which could be performed by a Referee at this time. Accordingly the original order dated July 2, 1962, signed by the undersigned, appointing a Referee for the 1 ‘ purpose of reporting to the court the present location of certain works of art ” is withdrawn and Osborne A. McKegney, Esq., of 233 Broadway, New York City, is designated as Referee to preside at the examination of the defendant as to the location of chattels belonging to Gilbert.
It is my conclusion upon the basis of the papers presently before the court that a temporary injunction is in order and that the applicants’ intervention is not in order; With respect to the injunction, defendant disputes title and urges that the plaintiff has failed by appropriate affidavit to demonstrate that Gilbert has a right of possession. It is sufficient, I believe, that Gilbert *201 has made the assignment and that assets of very substantial value not connected with the ordinary maintenance and conduct of a household are in the home of the defendant also formerly occupied by Gilbert. There is also disputed the question whether Gilbert in fact executed the purported assignment on May 28, 1962 rather than some day early in June. Defendant also urges that there is no showing that she threatens to dispose of the assets. Nevertheless, in all the circumstances, the status quo should be maintained and defendant has not shown that she would in any respect be harmed thereby.